JAMES E. EVANS *vs.* EDWARD BRADY, EDWARD BRADY, JR., and JOHN P. BRADY, Trading as EDWARD BRADY & SONS.

### *Construction and Effect of Deed—Estate in Fee.*

A deed, which, after referring to the deed conveying the property to the grantor in fee, conveyed "all the estate, right, title, interest, term of years to come, property, claim, and demand, both in law and equity," of the grantor, conveys the property as fully as it was conveyed to him, and vests an estate in fee, although the word "heirs" is not used in the granting clause, and the deed was executed when the common-law rule respecting conveyances prevailed.

APPEAL from the Circuit Court of Baltimore City.

This appeal was taken from a decree of the lower Court (DENNIS, J.), passed by consent, adjudging that the defendant specifically perform his agreement with the plaintiffs, filed in the cause, being a contract of sale of certain property situate and lying in the City of Baltimore, and that he forthwith pay unto the plaintiffs the sum of thirteen hundred and fifty dollars, the same being the purchase money specified in the said agreement, and due from the defendant to the plaintiffs for the ground described therein, and upon payment of the aforesaid sum of money, the plaintiffs, by a good and sufficient deed to be executed and acknowledged agreeably to law, shall convey unto the defendant the ground and premises described in the said agreement, subject to the annual rent of forty dollars, as mentioned therein. The case is stated in the opinion of this Court.

The cause was argued before ROBINSON, C. J., BRYAN, FOWLER, PAGE, ROBERTS, McSHERRY, BOYD and BRISCOE, J.

*Augustus Paper,* for the appellant.

*Samuel J. Harman,* for the appellees.

PAGE, J., delivered the opinion of the Court.

The bill in this case was filed by the appellees for the specific performance of a contract of sale of certain property, situated in Baltimore city. The appellant refuses to perform his part of the agreement because he alleges the appellees cannot make him a good and marketable title. It is contended by him that in the chain of title, the deed from Mary Hixon and husband to Henry Ewing, does not convey a fee, because of the omission of the word "heirs" in the granting clause. Prior to the Act of 1856, ch. 154 (Code, Art. 21, sec. 12), the rule of the common law prevailed, and to create an estate in fee simple in a natural person, the conveyance must contain a limitation to such person and *his "heirs"*; and, subject to a few well recognized exceptions, this was an unbending rule, which would not allow of the use of equipollent words. *Handy et al. vs. McKim,* 64 *Md.,* 570.

The deed now referred to was made in 1829, and being anterior to the passage of the statute, is subject to the rule of the common law. By reference to the deed itself, we find it first sets out the fact, "that Thomas Curtain, by indenture of deed, bearing date on or about the fifth day of August, eighteen hundred and twenty-six, and recorded among the land records of Baltimore County Court, in Liber W. G., No. 182, folio 96, for the consideration mentioned, did convey unto Mary Randles, now Mary Hixon, her executors, administrators and assigns, all &c." (here follows a description of the property), "being the same parcel of land heretofore conveyed by Christopher Walker to the said James Long, by indenture, bearing date the 10th day of May, 1806, and recorded among the land records afore-

said in Liber W. G., No. 89, folio 606, &c.; and are the same * * * mentioned and described in a certain deed of conveyance bearing date 22d January, 1812, and thereby granted and conveyed by William Wilson and Joseph G. I. Bond, executors of the last will and testament of James Long to the said Thomas Curtain, and recorded among the land records of the county aforesaid in Liber W. G., No. 116, folio 475, and reference therewith being had, will more fully and at large appear." And the said Mary Hixon and husband, then, in consideration of $700, convey unto "Henry Ewing, his executors, administrators and assigns, all that before described parcel of ground, together with all and singular the buildings," etc., and "*all the estate,right, title,interest,term of years to come, property,claim and demand,both in law and equity,of the said Mary Hixon and Joab Hixon* of, in, unto, and out of the same, or to any part or parcel thereof."

The deed of Thomas Curtain, thus referred to, grants to Mary Randles, now Mary Hixon, the property in fee. The habendum clause is as follows: "To have and to hold the said described premises, with the appurtenances thereunto belonging, unto the said Mary Randles, her *heirs and assigns,* to the only and proper use and behoof of the said Mary Randles, her *heirs and assigns forever.*"

It is apparent, upon an inspection of Mary Hixon and husband's deed to Ewing, that the intention of the parties in making and accepting it was to convey to Ewing the entire estate, that was then in Mary Hixon; and it is our duty so to expound it, unless to do so, will violate some well established principle of law. *Budd vs.Brooke et al.,* 3 *Gill,*234. Now, in *Hofsass vs.Mann,*74 *Md.,*406, while it is laid down as an unbending rule, that to create an estate in fee simple in a natural person, the conveyance must contain a limitation to the heirs, in direct terms, yet it is said, "the omission of the word 'heirs' may be cured by reference to some other instrument which does contain

the word heirs.' "   The counsel for the appellant contends that this point did not properly arise in that case, and this utterance was merely an *obiter dictum*. It is not neces-sary for us to inquire whether this was so or not, for we find the principle there stated to be well sustained by the authorities.   In 2 Preston on Estates, page 2, the rule is stated as follows:   " Words of direct and immediate refer-ence will suffice.   The word ' heirs ' or ' successors,' need not be in the identical deed of grant, or other mode of assur-ance by which the estate is granted or conveyed.   Thus, when one to whom lands have been granted in fee, does, after reciting the grant, or without any recital, grant the lands to another, as fully as they were granted to him, or, where a man grants two acres to A. and B. to hold one acre to A. and his heirs, and the other acre to B. in form aforesaid, or where a man seized of land in fee, enfeoffs another in fee, and continues in possession of the lands, claiming to hold them at the will of the feoffee, and the feoffee enfeoffs the person by whom he was en-feoffed in these terms: ' You have given me these lands (naming them); as fully as you have given them to me, I assure them to you.'   In these and like instances, the fee simple will pass without any limitation to the heirs in ex-press terms.   The fee passes by reason of the words of direct and immediate reference.   These words are effectual under the rule, that *' verba relata hoc maxime operantur per referentiam, ut in eis esse videntur.'* "   *Sheppard's Touchstone,* 101; *Com. Dig., Tit. "Estate,"* 2; and again in 4 Kent's Com., 5: " The limitation to the heirs must be made in direct terms, or by immediate reference."

Now, in this case the deed from Hixon and wife to Ew-ing, after making reference to the deed from Curtain to Randles, as the instrument under which she held title, conveys all the grantor's " estate, right, title, interest, term of years to come, property, claim and demand, both in law and equity, of the said Mary Hixon and Joab Hixon, &c."

Such language is, in effect, equivalent to granting the property as fully as it was granted to them; and inasmuch as the terms of the grant to them is fully set out in the same deed, we think the case is fully within the rule we have cited. It follows, therefore, that we find no error in the decree of the Court, and it will accordingly be affirmed.

*Decree affirmed.*

(Decided 14th March, 1894.)